**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

SAM INDUSTRIAS S.A.;
BOULDER PARTICIPAÇÕES LTDA; and                     Chapter 15
DANIEL BENASAYAG BIRMANN                             Case No.:

       Debtors in a Foreign Proceeding.
_____/

**VERIFIED MOTION FOR ORDER OF RECOGNITION OF FOREIGN MAIN**
**PROCEEDING PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING**

Carlos Magno, Nery e Medeiros Sociedade de Advogados, the judicial administrator of the foreign bankruptcy estate ("Judicial Administrator" or "Foreign Representative"), moves this Court for entry of an Order recognizing the foreign bankruptcy proceeding ("Brazilian Proceeding") of SAM Indústrias S.A. ("SAM"), Boulder Participações Ltda. ("Boulder"), and Daniel Benasayag Birmann (together with SAM and Boulder, the "Debtors") pending before the Second Business Court of the City of Rio de Janeiro ("Brazilian Court"), as a foreign main proceeding under 11 U.S.C. § 1517,[1] granting related relief pursuant to §§ 1520 and 1521, and granting any additional relief which may be available under the Bankruptcy Code. The Foreign Representative further requests a hearing on the initial petition (ECF No. 1) ("Petition") and this Verified Motion no earlier than (21) days after the date the Court issues its notice of hearing but, in any event, "at the earliest possible time" thereafter. *See* Fed. R. Bankr. P. 2002(q); § 1517(c).

_____
[1] All statutory references shall be to Title 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code"), unless otherwise specified.

## PRELIMINARY STATEMENT, JURISDICTION, & VENUE

1.     The Foreign Representative files the Petition and this Verified Motion under §
1504 to seek recognition of the Brazilian Proceeding as a "foreign main proceeding," as defined
in § 1502(4).

2.     The Petition and the Verified Motion are supported by the Declaration under
penalty of perjury of Fernando Carlos Magno Martins Correia ("Declaration") attached as **Exhibit
1**.  The Declaration itself contains several exhibits referred to and incorporated herein.  The
Declaration also provides a summary of the liquidation proceeding in Brazil, regulatory action
against Birmann and Birmann's misrepresentations regarding the ownership of a valuable yacht.

3.     A true and correct copy of the Order dated July 24, 2017 appointing the Foreign
Representative to administer the insolvency proceedings of the Debtors ("Appointment Order") is
attached to the Declaration as **Exhibit 1(A)**.[2]  The Foreign Representative has served in this
capacity continuously since accepting the appointment on July 31, 2017.

4.     As required by Fed. R. Bankr. P. 1007(a)(4), a Statement of Corporate Ownership,
in conformity with Fed. R. Bankr. P. 7007.1 is attached hereto as **Exhibit 2**.

5.     Brazil is the center of main interests of the Debtors.  Among other considerations:
Brazil is the location of SAM and Boulder's last principal place of business and registered address,
*see* **Exhibit 1**, Declaration at ¶¶ 9, 11-12.[3]  Daniel Birmann's habitual residence was in Brazil
when the Brazilian Proceedings commenced and remains in Brazil today.  In Daniel Birmann's
2006, 2007 and 2008 Brazilian tax returns, he stated that his residence was in the city of Porto

---

[2] Exhibit "A" of the Declaration is referenced herein as Exhibit "1(A)" and so on.

[3] *See* § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office, or
habitual residence in the case of an individual, is presumed to be the center of the debtor's main
interests.").

Alegre, Brazil.  In a power of attorney dated January 31, 2018, Daniel Birmann stated that his address is in Rio de Janeiro, Brazil.  Id. at ¶ 15.

6. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and §§ 109 and 1501 of the Bankruptcy Code.

7. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

8. Venue is proper in this district under 28 U.S.C. § 1410.  Foreign Representative has retained Sequor Law, P.A in this district and  Sequor Law holds in its trust account in this District US$ 1,500  on behalf of and for the benefit of the Debtor, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.  See **Exhibit 1**, Declaration, ¶ 42.

9. Venue is also proper in this district because Daniel Birmann has a Florida driver's license listing an address in Aventura, Florida.  See Id., ¶ 40.

## SUMMARY OF FACTUAL BACKGROUND

10. According to its constitutional documents, SAM was incorporated in Brazil in 1923. It was incorporated, among other things, to manufacture and commercialize electrical and communication cables, chemical substances and products, and other electrical components, according to Article 4 of its Bylaws.  See Id., ¶ 18; true and correct copies of SAM's bylaws are attached to the Declaration as **Exhibit 1(C)**.

11. Boulder, SAM's parent company, was originally incorporated in Brazil on February 6, 1984.  According to Boulder's Amended Articles of Association, it was incorporated to hold "interest in other companies as shareholder or partner, as well management of its own and third parties' equity". See Id., ¶ 19; true and correct copies of Boulder's Amended Articles of Association are attached to the Declaration as **Exhibit 1(D)**.

12.    Daniel Birmann, a Brazilian businessman with interests in various Brazilian and offshore businesses, controlled SAM through Boulder. Daniel Birmann incorporated Boulder with another shareholder - at that stage named Arbi Participações S.A. – and was one of the two shareholders of Boulder before bankruptcy.  See Id., ¶ 20.

13.     The Brazilian Court determined that the failure of SAM's business was caused by actions of Daniel Birmann, in particular his transfer of all of SAM's available funds to Boulder by way of the intercompany Loans, leaving SAM without sufficient liquid assets to pay its creditors. Boulder in turn used the Loan proceeds to make additional intercompany loans to Banco Arbi S.A. ("Banco Arbi"), which was facing financial difficulties at that time. See Id., ¶ 21.

14.    Banco Arbi is a Brazilian bank owned at all material times by Daniel Birmann's family. While the bankruptcy estate has collected the shares formerly owned directly by Daniel Birmann, the evidence suggests that his relatives retain a controlling stake in Banco Arbi. See Id., ¶ 22.

15.    The loans extended to Boulder to assist Banco Arbi were also the subject of a fine imposed on Daniel Birmann by the Brazilian Securities Exchange Commission (known by its Portuguese acronym, "CVM"), which I shall detail further below. In his defense to the CVM proceedings, Daniel Birmann claimed that, as Boulder and SAM were shareholders in Banco Arbi, the loans to Boulder were made in a legitimate effort to support Banco Arbi. This was rejected by the CVM, however, which found that his actions were an "abuse of control."  See Id., ¶ 23.

16.    The Bankruptcy Order recognized that Daniel Birmann acted "as controlling shareholder of the 1st Defendant [SAM] and the bank [Banco Arbi]," so that he was the ultimate beneficial owner and individual with control over SAM and Boulder prior and after the making of the Bankruptcy Order. See Id., ¶ 24; **Exhibit 1(B)**.

## CVM Investigation and Fine Imposed on Daniel Birmann

17.    In the Bankruptcy Order, the Brazilian Court described Daniel Birmann's abusive behavior as the controlling shareholder of SAM by referring to certain aspects of the CVM decision.   The Bankruptcy Court considered that:

> The investigation of the CVM discovered that the loans were contracted under much more favorable conditions to the bank than that offered by the market, with an indefinite term for payment. The defense of the 2nd defendant [Daniel Birmann] acknowledged that the conditions of the loans were favorable to the bank, stating that 'it was not justifiable that said loans were remunerated based on interest rates compatible with those adopted in the market.' In other words, at the expense of the company's funds, of its minority shareholders and creditors, the 2nd **defendant [Daniel Birmann] bled the 1st defendant [SAM] dry,** which was changed into a bank of a single client, which resulted in its situation of illiquidity. As if that were not enough, the money lent to the controlling shareholder, the 3rd defendant [Boulder], and transferred to Banco Arbi, was paid to the 1st defendant [SAM] in shares, rather than in cash, as it was lent. Said attitude represents a serious abuse of the controlling shareholder, defined in articles 117, paragraph 1, "a", "c" and "f" of the Corporation law".

> **Exhibit 1(B)** (emphasis added).

18.    As a result of this conduct, the CVM imposed a fine of R$243 million (approximately US$64.88 million) on Daniel Birmann. See Id. This is the largest fine ever imposed to an individual by the CVM.  Exhibit 1, Declaration, ¶ 26.

19.    During the Bankruptcy Proceedings, Daniel Birmann was required to disclose all his assets to the Brazilian Court, which he has failed to do.   Instead, it appears that he has fraudulently transferred assets to his family members in order to avoid enforcement of the Bankruptcy Order and to conceal his assets from creditors. Id. at ¶ 27.[4]

---

[4] The Declaration describes additional misrepresentations by Daniel Birmann in an attempt to conceal assets from his creditors.  Id. at ¶ 28-39.

### FOREIGN REPRESENTATIVE'S WORLDWIDE INVESTIGATION AND DEBTOR'S US PROPERTY

20.     The Foreign Representative has been charged to investigate the Debtors' business, affairs, and dealings, both in Brazil and worldwide.  This investigation has revealed that Daniel Birmann has a Florida driver's license listing an address in Aventura, Florida and that assets of one or more Debtors are located in the United States.  Id. at ¶ 40.

21.     The instant Petition and Verified Motion for recognition of the Brazilian Proceeding in the United States are of critical importance to the Foreign Representative's worldwide pursuit of assets with which to satisfy unpaid claims as well as to investigate, identify and marshal assets of the Debtors in the United States.  The Debtors' known connections to specific US assets shall be identified by subsequent motions.  Id. at ¶ 41.

22.     The Foreign Representative seeks recognition of the Brazilian Proceedings in furtherance of a worldwide pursuit of assets with which to satisfy unpaid claims as well as to investigate, identify and marshal assets of the Debtors in the United States.  The Debtors' known connections to specific US assets shall be identified by subsequent motions.  Id.

### RECOGNITION IS APPROPRIATE

23.     The Foreign Representative has satisfied each of the requirements for recognition of the Brazilian Proceeding under Chapter 15 of the Bankruptcy Code, as follows:

(a)     The Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) because it is a body authorized in the Brazilian Proceeding to administer the liquidation of the Debtor's assets and affairs, and to act as a representative of the Brazilian Proceeding.

(b)     The Brazilian Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. § 101(23) and 1502(4), because it is (i) pending in Brazil, which is the Debtors' center of

main interests; and (ii) a collective judicial proceeding under a law relating to insolvency or adjustment of debt in which proceeding the Debtors' assets and affairs are subject to the control or supervision of the Brazilian Court for the purpose of liquidation.

(c)      The Debtor meets the requirements of a "debtor" as defined in sections 109(a), if applicable, and 1502 because the Debtors are the subject of a foreign proceeding and has assets in the United States, including a retainer on deposit with Sequor Law, P.A. as well as property of the Debtor in trust in the amount of US $1,500.

(d)      This Verified Motion is accompanied by the Order of the Brazilian Court, dated July 24, 2017, appointing the Foreign Representative as judicial administrator in the liquidation proceedings relating to the Debtors.  See **Exhibit 1(A)**.

(e)      This Verified Motion is accompanied by the Order of the Brazilian Court, dated February 27, 2008, declaring the bankruptcy of SAM, and extending the bankruptcy order over Daniel Birmann and Boulder, ordering the liquidation of assets of all three Debtors for the benefit of creditors. See **Exhibit 1(B)**.  Additionally, the Declaration contains the list of all foreign proceedings, persons or entities that must be identified pursuant to 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007.

## **RELIEF REQUESTED**

24.      The Foreign Representative seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached as **Exhibit 3** hereto, granting the following relief:

(a) Recognizing the Brazilian Proceeding as a foreign main proceeding and the Foreign Representative as the duly authorized Foreign Representative of the Debtors;

(b) Granting the relief allowable as of right upon recognition of a foreign main proceeding under § 1520 of the Bankruptcy Code;

(c) Granting all available and appropriate relief under § 1521 of the Bankruptcy Code, including:

    (1) staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning rights, obligations or liabilities of the Debtor and the Debtor's bankruptcy estate, to the extent not stayed under § 1520(a) of the Bankruptcy Code;

    (2) staying execution against the Debtor, to the extent not stayed under § 1520(a);

    (3) suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under § 1520(a);

    (4) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor or the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

    (5) entrusting the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States to the Foreign Representative;

    (6) entrusting the distribution of all or part of the Debtor's assets located within the United States to the Foreign Representative and finding that the assets of the creditors of the Debtor are sufficiently protected thereby;

    (7) otherwise granting comity to and giving full force and effect to the orders and documents attached to this Motion; and

(8) granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully request that this Court enter an Order, substantially in the form of the Proposed Order attached hereto as **Exhibit 3** and grant such other relief as may be just and proper.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Motion is true and correct.

Executed in Rio de Janeiro, Brazil on  7  November, 2018

FERNANDO CARLOS MAGNO MARTINS CORREIA
for and on behalf of SAM Industrias S.A., Boulder
Participações LTDA, and Daniel Benasayag Birmann – as
Judicial Administrator in the Brazilian Proceeding

Dated: November 7, 2018                          Respectfully submitted,

**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

By: */s/ Gregory S. Grossman*
        Gregory S. Grossman, Fla. Bar No. 896667
        ggrossman@sequorlaw.com
        Nyana Abreu Miller, Fla. Bar No. 092903
        nmiller@sequorlaw.com