

**ORDERED in the Southern District of Florida on March 1, 2019.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

```
               UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
                      MIAMI DIVISION
_____
                              )
                              )
In re:                        )   CASE NO.   18-23941-BKC-RAM
                              )   CHAPTER    15
SAM INDUSTRIAS S.A.,          )
                              )
            Debtor.           )
_____)
```

**ORDER DENYING, IN PART, AND GRANTING, IN PART,
(I) DANIEL BIRMANN'S MOTION FOR PROTECTIVE ORDER,
<u>AND (II) FOREIGN REPRESENTATIVE'S MOTION TO LIFT STAY</u>**

Resolving a pending motion for protective order requires the Court to determine whether the foreign representative in this chapter 15 case is exceeding the proper scope of Rule 2004 discovery. The issues arise from subpoenas that seek documents relating to non-debtors who the foreign representative asserts are

1

relevant to his investigation and potential recovery of assets of the foreign estate.

Specifically, before the Court is Daniel Benasayag Birmann's Motion for Limited Protective Order in Regards to Rule 2004 Examination Directed to CBC Ammo, LLC, CBC Global Ammunition, the Corporation Service Company, and the Corporation Trust Company, or, in the Alternative, for Enforcement of the Recognition Order in Regards to the Scope of the Discovery Allowed (the "Motion") [DE #14].  The Court has considered the arguments of counsel at the February 13, 2019 hearing on the Motion and the record in this case, including the Motion and a Supplement to [the Motion] [DE #18], the Foreign Representative's Response [DE #19] and Notice of Filing Translations Relating to BR Realty, Mazzaro [DE #38], and the movant's Reply [DE #22].  The Court has also reviewed the document requests under Fed. R. Bankr. P. 2004 that are the subject of the Motion, as amended [DE #15, 16, 20, 21] (collectively, the "Subpoenas").  The Court concludes that, for the most part, the Subpoenas seek documents that are discoverable under Rule 2004. Therefore, the Motion will be denied, in part, and granted, in part, as set forth below.

## Background

On November 8, 2018, Carlos Magno, Nery e Medeiros Sociedade de Advogados (the "Foreign Representative") filed a chapter 15 petition (the "Petition") [DE #1] commencing this case.  The

Petition seeks recognition of the Brazilian bankruptcy proceeding of SAM Industrias, S.A., namely Daniel Birmann, SAM Industrias SA, and Boulder Participaoes Ltda (collectively, the "Debtors" and each individually, a "Debtor").  On December 6, 2018, the Court entered its Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Granting Related Relief (the "Recognition Order") [DE #8].

The Foreign Representative is pursuing discovery in furtherance of findings by Brazilian courts that Debtor, Daniel Birmann, has undisclosed corporate interests and has effectively concealed his ownership interests by, *inter alia*, transferring property to family members.  The Foreign Representative propounded Subpoenas to further investigate Daniel Birmann's alleged concealment of assets and the transfers that effected such concealment.  The Recognition Order authorizes the Foreign Representative to "take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of any Debtor or the Debtor's bankruptcy estate" [DE #8, p.5, para. 10].  However, the Subpoenas propounded by the Foreign Representative include requests for information about persons and entities who are not Debtors.

Many of the non-debtor targets of the Foreign Representative's Subpoenas are named in a Brazilian bankruptcy court order as instruments of, or participants in, Debtor Daniel

Birmann's elaborate scheme to hide assets. The order, which was issued by the Second Business Court of the State of Rio de Janeiro (the "Brazilian Bankruptcy Court") on October 31, 2018 (the "Bankruptcy Decision") [DE #19-1], includes various factual findings regarding the ownership and control of assets as of February 27, 2008, the date on which SAM Industrias S.A. was adjudicated bankrupt in Brazil (the "Brazilian Petition Date"). Debtor Daniel Birmann also was adjudicated bankrupt in Brazil as of the Brazilian Petition Date. *See, e.g.,* [DE #19-1, pp.1-2] ("SAM Industrias S/A was adjudicated bankrupt on February 27, 2008, on which date the bankruptcy effects were also extended to Daniel Birmann and Boulder Participacoes Ltda," who were the "controlling shareholders" of SAM Industrias S/A.).

Companhia Brasileira de Cartuchos ("CBC") is the focal point of the Bankruptcy Decision. Because it concluded that CBC was an undisclosed asset of Debtor Daniel Birmann on the Brazilian Petition Date, the Brazilian Bankruptcy Court declared null and void all post-petition transfers of shares in CBC.

CBC Global Ammunition LLC ("CBC Global") and Debtor Daniel Birmann's son, Bernardo Simoes Birmann ("Bernardo" and, with CBC Global, the "Appellants"), appealed the Bankruptcy Decision. On paper, CBC Global and Bernardo are the current owners of CBC. The Bankruptcy Decision, if given effect, would strip CBC Global and

4

Bernardo of all CBC shares acquired after the Brazilian Petition Date.

In a December 14, 2018 appellate opinion (the "Appellate Opinion") issued by the Court of Appeals of the State of Rio de Janeiro (the "Brazilian Appellate Court"), the Brazilian Appellate Court affirmed, in part, and remanded, in part, the Bankruptcy Decision [DE #19-2, p.5/17].  Specifically, the Brazilian Appellate Court

> suspend[ed] the effects of the appealed [Bankruptcy] [D]ecision in the part that it declared, by means of a preliminary injunction, nullity of the acts of disposal [of CBC shares], ordering that the [A]ppellants be granted the chance of exercising their opportunity to be heard, in order to accurately quantify the shares directly or indirectly held by Daniel [Birmann] at the time of the bankruptcy [i.e. the Brazilian Petition Date].

[DE #19-2, p.5].

The Court rejects Daniel Birmann's argument that the Appellate Opinion imposes a stay pending appeal of the Brazilian Bankruptcy Court's factual finding that Daniel Birmann was the beneficial and controlling owner of CBC on the Brazilian Petition Date.  This issue is important because the Court will neither abate nor stay discovery in this Chapter 15 case pending the outcome of a Brazilian appeal absent a stay pending appeal. *In re Petroforte Brasileiro de Petroleo Ltda.*, 542 B.R. 899, 910 (Bankr. S.D. Fla. 2015).

5

The Bankruptcy Decision established the following relevant facts, which are not subject of a stay pending appeal and were determined to exist as of the Brazilian Petition Date:

(i) "There was a complex corporate structure that covered Daniel Birmann's capacity as actual owner and beneficiary owner of CBC, so as to avoid collection of his equity interest, since these assets were subject to the bankruptcy effects;"

(ii) "There are no doubts that Daniel Birmann remained the beneficiary of CBC by means of successive transfers of its interests to his family members, such as Thais Neves Birmann and Bernardo Simoes Birmann," who are Daniel Birmann's ex-wife and son, respectively;

(iii)    "Daniel Birmann . . . . was actually the controlling shareholder of" CBC, Charles Ltd, Celadon Ltd, and Brookmont Trading Corporation;

(iv) Daniel Birmann is the 100% owner of Northumbria Corporation;

(v) "It is possible to conclude that the conduct of Sam's [i.e. SAM Industrias S.A.'s] indirect controlling shareholder, Daniel Birmann, during the bankruptcy proceedings, aimed at emptying the assets of the bankrupt debtor;"

(vi) "[A]t the time of the bankruptcy, a clear property confusion between the father and the son was confirmed, with large

property transfers to the detriment of the collectivity of creditors;"

(vii)    "The transfer of assets owned by Daniel Birmann to his mother Rahma Raquel Benasayag Birmann has also been noted, and she became the sole shareholder of Northumbria Corporation as from 2011, which confirms that the bankrupt debtor has unduly transferred assets owned by him to family members even after the adjudication of bankruptcy;" and

(viii)    Daniel Birmann's "predatory behavior resulted in the extension of the bankruptcy effects [of SAM Industrias S.A.] to his person, as well as the institution of a criminal action."

The Appellate Opinion stayed enforcement of that portion of the Brazilian Bankruptcy Court's decision that declared null and void all post-bankruptcy transfers of shares in CBC.  It did not, however, alter or stay the material factual findings of the Brazilian Bankruptcy Court regarding Daniel Birmann's equitable ownership interests in undisclosed assets and attempts to conceal such assets through transfers to family members.

More specifically, the Appellate Opinion did not alter or stay that portion of the Bankruptcy Decision that rendered inalienable the common stock of CBC and granted a bankruptcy trustee access to CBC's place of business, operations, and books and records.  In fact, the Appellate Opinion buttressed the factual findings of the Brazilian Bankruptcy Court with the following

7

additional findings relevant to the discovery dispute before the Court:

(i) "Daniel [Birmann] controlled Cemisa [Participacoes], which controlled DFV [Participacoes], which controlled [CBC];"

(ii) "In addition to the control exercised by Daniel over Cemisa by means of BSB [Participacoes] and Charles Limited, the type of relationship between him and the company is typical of legal entities created in purely fictional form, either for tax reasons or as instruments to conceal the performance of wrongful acts;"

(iii) "[W]e see very clearly that by means of DFV, Cemisa, DBB [Consultoria e Participacoes], Charles Limited and Northumbria, Daniel controlled [CBC], which, in turn, commenced to have a new controlling structure when the shares of DFV were partially spun-off to originate the new corporate structure of CBC, currently divided between the former Brookmont, currently CBC Global, with 94.43% of the shares, and the remaining 4.97% to Bernardo Simoes Birmann, according to the minutes of the Special Shareholders' Meeting dated June 25, 2018;" and

(iv) "The reasons presented by appellant Bernardo do not affect the conclusion that the acts are null" because the restructuring of CBC occurred <u>after</u> "the adjudication of bankruptcy of SAM [Industrias S.A.]."

In sum, the Brazilian courts have concluded that Daniel Birmann has a beneficial and controlling ownership interest in CBC. It is only the extent and value of his interest on the Brazilian Petition Date that requires a further order of the Brazilian Bankruptcy Court, before whom an adversary proceeding is pending on remand, or of the Brazilian Appellate Court, which exercises concurrent jurisdiction to decide issues on remand. This Court's interpretation of the status of the Brazilian main proceeding is based on a close reading of the Appellate Opinion and is consistent with the explanation of the Foreign Representative's Brazilian counsel, who described Brazilian appellate procedure at the February 13, 2019 hearing.

## Discussion

The Foreign Representative explicitly describes the purpose of his discovery requests as follows:

> The [S]ubpoenas seek information relevant to the ongoing appeals and adversary proceeding concerning the disposition of the enjoined [CBC] shares, as well as US Companies that [Daniel] Birmann uses to conceal assets beneficially owned and controlled by him. The [S]ubpoenas seek to identify causes of action against various entities and individuals that appear to be in possession of property of the estate.

[DE #19, p.3, para. 4].

Daniel Birmann filed the sole objection to the Subpoenas, arguing that the following entities and individuals are not debtors and, therefore, their personal information is not subject to

9

disclosure: Rahma Raquel Benasayag Birmann, Thais Braga Alves Neves, Bernardo Simoes Birmann, Sonia Simoes, Rayvera, LLC, Charquinn, LLC, Fabio Luiz Munhoz Mazzaro, BR Realty, LLC, and Anaconda Company, LLC (collectively, the "Targets").

John Couriel, counsel for CBC Global and CBC Ammo LLC (together, "CBC USA"), attended the February 13, 2019 hearing on Daniel Birmann's Motion but did not assert a position on his clients' behalf.

I.  Standing

Daniel Birmann finds himself in the unusual position of both disclaiming and asserting an interest in the matters subject of the Subpoenas.  In Brazil, Daniel Birmann generally has argued that he has no interest in the corporate entities, or the business interests and finances of the private persons, whose assets and information are the subject of the Subpoenas.  Disclaiming such an interest is, of course, necessary to avoid bringing into Mr. Birmann's foreign bankruptcy estate assets alleged to be nominally held by third parties.  However, Mr. Birmann must assert an interest in the subjects of the Subpoenas if he asserts standing to request that the Court quash any portion of the Subpoenas. *See In re Petroforte Brasileiro de Petroleo Ltda.*, 530 B.R. 503, 513-14 (Bankr. S.D. Fla. 2015) ("In the Eleventh Circuit, standing exists if a party alleges a 'personal right or privilege' with respect to a subpoena." (citations omitted)).

Regardless of whether Daniel Birmann has a personal right or privilege in the subjects of the Subpoenas, the Court finds cause to consider the merits of Daniel Birmann's limited objection. The Foreign Representative's counsel did not serve the Subpoenas on any of the Targets. Daniel Birmann's counsel persuasively argued that as a result, Daniel Birmann is the only party with formal notice who is capable of raising objections on the Targets' behalf.[1] As a practical matter, that fact persuades the Court that it should consider the merits of the Motion. Moreover, the Brazilian Bankruptcy Court has found that some of the Targets received transfers of property belonging to Daniel Birmann's bankruptcy estate. Therefore, Mr. Birmann may have a personal right or privilege in the information subject of the Subpoenas, and therefore, he may have standing.

II. Merits

In determining the permissible scope of discovery, the Court applies the standards of Bankruptcy Rule 2004. *In re Petroforte Brasileiro de Petroleo Ltda.*, 542 B.R. 899, 911 (Bankr. S.D. Fla. 2015). The information requested "may relate only to the acts, conduct, or property or to the liabilities and financial condition

---

[1] Although none of the Targets formally were served with copies of the Subpoenas, the Court notes that, as explained below, Debtor Daniel Birmann appears to have a close relationship with the Targets and, therefore, the Targets may have informally received notice of the Subpoenas.

11

of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

In the context of chapter 15 cases, this Court has held that, generally, a foreign representative is entitled to broad discovery of a non-debtor target's financial affairs if the foreign representative can establish that (i) the target engaged in wrongful conduct involving the assets of a debtor's estate, or (ii) a debtor has a majority ownership interest in the target. *Id.*

The Family Targets

The first category of objections seek documents relating to the corporate interests and significant purchase transactions of Daniel Birmann's ex-wives, Thais Braga Alves Neves and Sonia Simoes, his son, Bernardo Simoes Birmann, and his mother, Rahma Raquel Benasayag Birmann (collectively, the "Family Targets," and each individually, a "Family Target"). Except for Sonia Simoes, each of the Family Targets has been implicated by the Brazilian courts in activities or transactions that involved the transfer or concealment of assets beneficially owned by Debtor Daniel Birmann.

Specifically, the Brazilian Bankruptcy Court and Appellate Court have found that Debtor Daniel Birmann did not divest himself of his beneficial ownership interests in various corporate entities by nominally transferring interests to Thais Braga Alves Neves, Bernardo Simoes Birmann, and Rahma Raquel Benasayag Birmann. Whether value, reasonably equivalent or otherwise, was

received in exchange for such transfers, and by whom, is less clear.

As for Sonia Simoes, the Foreign Representative argues that Debtor Daniel "Birmann's tax returns show that she received payments or gifts from him in each of the years leading to his bankruptcy," but the tax returns attached to the Foreign Representative's Response name a different ex-wife, Thais Neves, as the recipient of transfers. [DE #19-3]. Therefore, the Court finds no evidence in the record to support discovery requests relating to Sonia Simoes.

In the requests at issue,[2] the Foreign Representative asks only for the identities of, and contact information for, (i) entities formed or controlled by the Family Targets, and (ii) closing agents or escrow agents who received funds from, or on behalf of, the Family Targets. Seeking to identify potential transferees is a reasonable and proportionate inquiry into the financial affairs of the other three non-debtors found to have received transfers of undisclosed estate property. Therefore, the Foreign Representative may discover information relating to the

---

[2] The specific numbered paragraphs at issue are the following:
    A.   Numbers 7-9 in the Subpoenas to CBC Ammo LLC [DE #15] and CBC Global [DE #16];
    B.   Numbers 32-34 in the Subpoena to The Corporation Service Company [DE #20]; and
    C.   Numbers 26 and 27 in the Subpoena to The Corporation Trust Company, LLC [DE #21].

13

corporate and financial affairs of Thais Braga Alves Neves, Bernardo Simoes Birmann, and Rahma Raquel Benasayag Birmann.

The Corporate Targets

The balance of the document requests subject of Daniel Birmann's Motion are addressed only to the Corporation Service Company [DE #20] and to the Corporation Trust Company [DE #21]. The targets of the requests are the following four non-debtor entities: BR Realty LLC, Anaconda Company, LLC, Rayvera, LLC, and Charquinn, LLC (collectively, the "Corporate Targets"). The requests can be classified into the following two categories: (i) identity inquiries [DE #20, document request numbers 1-4, 6-8, 9-12, 14-16; DE #21, document request numbers 1-5 and 7-9 at p.9/18, and 1-5 and 7-9 at p.10/18] (collectively, the "Identity Inquiries"), and (ii) communication inquiries [DE #20, document request numbers 5 and 13; DE #21, document request number 6 at p.9/18 and number 6 at p.10/18] (collectively, the "Communication Inquiries").

*Charquinn & Anaconda*

The Foreign Representative has cause to discover whether these two Corporate Targets are in possession of assets of Debtor Daniel Birmann's bankruptcy estate. The Brazilian courts have found that Debtor Daniel Birmann obscured his controlling ownership interest in CBC through corporate pass-throughs owned

14

and/or controlled by Daniel Birmann, such as DBB Consultoria e Participacoes ("DBB") and Cemisa.

Charquin, LLC, on paper, currently owns shares in Cemisa [DE #19-5]. The Foreign Representative has argued that Charquinn, LLC "is now the majority shareholder of Cemisa," but has not substantiated that argument with record evidence of Charquinn, LLC's percentage share. [DE #19, p.6, para.4]. Nevertheless, the record establishes a sufficient connection to allow discovery related to Charquinn, LLC.

Anaconda Company, LLC is not referenced in the Brazilian courts' findings cited earlier. However, in the appeal pending in Brazil, the Appellants sought to distance DBB from Debtor Daniel Birmann by arguing that DBB was incorporated by Anaconda, LLC and that Debtor Daniel Birmann neither "subscribe[d] nor paid in any of the capital shares." [DE #38-2]. The Foreign Representative is entitled to explore the veracity of that argument.

*BR Realty & Rayvera*

BR Realty, LLC and Rayvera, LLC may hold title to real property in which Debtor Daniel Birmann had a beneficial ownership interest on the Brazilian Petition Date. The Foreign Representative alleges that BR Realty, LLC owns a former residence of Daniel Birmann, a triplex in Rio de Janeiro, and is the subject of a veil-piercing action being prosecuted by the Brazilian equivalent of the SEC [DE #19, p.9; DE #38-3]. The Foreign

Representative also alleges that Rayvera, LLC received a real property transfer from an entity owned by Debtor Daniel Birmann, Arbi Rio Incorporacoes Imobiliarias Ltda. ("Arbi Rio") [DE #19, p.6].

The Court has not found evidence in the record to substantiate the Foreign Representative's allegations against Rayvera, LLC and BR Realty, LLC. The "Decision of the 7th Federal Court on Fiscal Enforcement for Rio de Janeiro" that is attached to the Foreign Representative's Response and is described as setting forth "veil-piercing claims and supporting evidence" against BR Realty, LLC is in Portuguese [DE #19-11]. Additionally, although the Foreign Representative filed an English-translation of a real property deed that identifies BR Realty, LLC as the "buyer" [DE #38-3], the Foreign Representative cites no evidence in support of his allegation that the real property subject of the deed is Debtor Daniel Birmann's former residence [DE #19, p.9, para.22].

Regarding Rayvera, LLC, the Foreign Representative appears to have substantiated his allegation that Arbi Rio indirectly is owned by Debtor Daniel Birmann through Cemisa. A Portuguese copy of what appears to be a corporate record of Arbi Rio reflects that Cemisa owns or owned 97.83% of Arbi Rio's shares [DE #19-4, p.5]. However, without an English translation, the Court cannot confirm that fact. Moreover, the Foreign Representative cites no evidence in support of his allegation that Rayvera, LLC "received an

16

unauthorized transfer of real property from [Arbi Rio]" [DE #19, p.6, para.11].

The Identity Inquiries seek to identify the names and contact information of persons or entities in control of the Corporate Targets and the accounts from which payments are made on behalf of the Corporate Targets. That information is discoverable as it relates to Debtor Daniel Birmann's property and his disposition of same. However, at this time, for the reasons discussed above, the Foreign Representative may pursue discovery requests relating only to Charquinn, LLC and Anaconda Company, LLC.

The Communication Inquiries request disclosure of communications with the Debtor, Daniel Birmann, his son, Bernardo Birmann, or his attorney-in-fact, Fabio Luiz Munhoz Mazzaro, to the extent that such communications relate to the Corporate Targets. In addition to holding or having held a power of attorney granted by Debtor Daniel Birmann [DE #38-1], Mr. Mazzaro holds or has held executive positions with CBC USA. *See* [DE #19-6] (Mr. Mazarro certified the authenticity of CBC Global's corporate records as Secretary of CBC Global, and appears to have executed the Operating Agreement of CBC Global both as a Manager of CBC Global and on behalf of CBC Ammo LLC, which is or was the sole Member of CBC Global.). The Court finds that the Foreign Representative has introduced sufficient evidence to support his Communication Inquiries with respect to Charquinn, LLC and

17

Anaconda, LLC, but may not pursue Communication Inquiries relating to Rayvera, LLC or BR Realty, LLC.

## Conclusion

In sum, the Court is not giving the Foreign Representative a carte blanche in his inquiries of non-debtors. But where, as here, such inquiries stem from a need to discover the "legal entities created in purely fictional form" which are part of a "complex corporate structure" obscuring Debtor Daniel Birmann's "capacity as actual owner and beneficiary owner" of corporate assets belonging to Daniel Birmann's bankruptcy estate, and are narrowly tailored to accomplish such purposes, the information requested fits within the scope of Rule 2004 examination. Therefore, it is –

**ORDERED** as follows:

1. The Motion is denied, in part, and granted, in part, as set forth below.

2. To the extent a request seeks information regarding Thais Braga Alves Nunes, Bernardo Simoes Birmann, or Rahma Raquel Benasayag Birmann, the Motion is denied.

3. To the extent a request seeks information regarding Sonia Simoes, the Motion is granted.

4. Regarding the Identity Inquiries and the Communication Inquiries, the Motion is granted for those requests that seek information regarding BR Realty, LLC or Rayvera, LLC, and denied

for those requests that seek information regarding Charquinn, LLC or Anaconda Company, LLC.

5. The Foreign Representative's Motion to Lift the Stay Created by [Daniel Birmann's Motion] as to [CBC USA] [DE #36] is denied as moot.

6. The Foreign Representative is directed to serve a copy of this order and a copy of the Subpoenas on the Targets, Rahma Raquel Benasayag Birmann, Thais Braga Alves Neves, Bernardo Simoes Birmann, Sonia Simoes, Fabio Luiz Munhoz Mazzaro, Rayvera, LLC, Charquinn, LLC, BR Realty, LLC, and Anaconda Company, LLC.

7. The Foreign Representative is directed to serve a copy of this order on The Corporation Service Company and The Corporation Trust Company.

8. The Court is allowing fourteen (14) days for interested parties to seek reconsideration. Therefore, this order shall become final and go into effect on the later of March 15, 2019, or the date on which the Court rules on any timely-filed motion for reconsideration.

###

COPIES TO:
Luis Casas, Esq.
Andrea Hartley, Esq.
John Couriel, Esq.
Gregory Grossman, Esq.
Nyana Miller, Esq.
UST