UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:
SAM INDUSTRIAS S.A.;                              Chapter 15
BOULDER PARTICIPAÇÕES LTDA; and
DANIEL BENASAYAG BIRMANN                          Case No.    18−23941−RAM
Debtor in a Foreign Proceeding.

_____

## MOTION TO QUASH AND FOR ENTRY OF PROTECTIVE ORDER

This motion arises out of the Foreign Representative's cynical attempt – for the first time in the nearly three years this Chapter 15 proceeding has been pending – to notice a Rule 2004 Examination of Daniel Birmann ("Mr. Birmann") in Florida. Mr. Birmann does not reside, is not employed, does not regularly spend time, and does not regularly transact business in person in the United States. Mr. Birmann is a Brazilian national who is a foreign debtor in a bankruptcy case pending in Brazil, where he is currently a defendant in at least six adversary proceedings brought by the Foreign Representative.

The Court should quash the notice of deposition and enter a protective order barring Mr. Birmann's deposition for three independent reasons. First, the Foreign Representative has not satisfied (and cannot satisfy) its burden of showing that it effectuated valid service on Mr. Birmann. Second, the notice of deposition purports to command Mr. Birmann to attend a deposition in a location (Miami) outside the territorial restrictions of the rule (Fed. R. Civ. P. 45) under which the Foreign Representative issued the notice. Third, the United States is not an appropriate

venue for the Foreign Representative to obtain sworn testimony from Mr. Birmann under the pending proceeding rule.

## ARGUMENT

### I. THE RULE 2004 NOTICE IS INVALID AND FACIALLY DEFECTIVE

1. The Foreign Representative purported to serve Mr. Birmann with a deposition notice pursuant to R. 2004 and FED. R. CIV. P. 45. To the extent the Foreign Representative is invoking Rule 45 as the basis for its notice [*see* ECF No. 217 (attaching a FED. R. CIV. P. 45 subpoena to deposition notice)], the deposition should be quashed and a protective order entered for two reasons.

2. First, the Foreign Representative has the burden of showing that it has effectuated valid service on Mr. Birmann in accordance with the Federal Bankruptcy Rules of Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of Florida. *See, e.g., Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005) ("[T]he burden of proving the validity of service of process is on the plaintiff."); *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999) ("A plaintiff has the burden of proving proper service of process."). The Foreign Representative has failed to carry that burden.

3. The Foreign Representative has not, for instance, filed a declaration or affidavit of service. Indeed, the proof of service attached to its notice is blank. [*See* ECF No. 217.] The Foreign Representative also has not submitted a return of service from a process server, or any other individual or entity who it claims served Mr. Birmann. In short, the Foreign Representative has not submitted anything to counsel or the Court establishing that Mr. Birmann has been properly served.

4. Nor could the Foreign Representative make such a showing. To the best of our knowledge, the Foreign Representative has not personally served Mr. Birmann, has not served him by mail, has not served him at his residence, and has not served him through an agent authorized to accept service on his behalf. Moreover, Mr. Birmann has not received service by consent, or been served by any other acceptable method. Because the Foreign Representative has not carried its burden of showing that it has properly served Mr. Birmann, the Rule 2004 subpoena should be quashed. *See, e.g.*, *Meridian of Palm Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 06-81108-CIV, 2008 WL 11520258, at *2 (S.D. Fla. Jan. 22, 2008) (granting motion to quash subpoena that was not properly served under applicable rules).

5. <u>Second</u>, even if properly served, the Rule 2004 notice purports to command Mr. Birmann to attend a deposition at a place outside the territorial limits of the very rule (FED. R. CIV. P. 45) invoked by the Foreign Representative to compel his deposition. Under Rule 45(c)(1)(B), a party cannot command a party to testify outside the state "where the person resides, is employed, or regularly transacts business." Here, the Rule 2004 Notice commands Mr. Birmann to appear for his deposition at the Sequor firm's Miami offices. But Mr. Birmann does not reside, is not employed, and does not regularly transact business in Florida. Therefore, to the extent the Foreign Representative is relying on Rule 45 as the basis to notice Mr. Birmann's deposition in Florida under Rule 2004, the notice is facially defective for commanding him to appear outside the territorial limits of FED. R. CIV. P. 45(c)(1)(B).

## II. THE FOREIGN REPRESENTATIVE'S ATTEMPT TO OBTAIN SWORN TESTIMONY FROM MR. BIRMANN VIOLATES THE PENDING PROCEEDING RULE

6. As the Foreign Representative itself has previously conceded [see ECF No. 62 at 31] the pending proceeding rule precludes Rule 2004 discovery where a foreign representative seeks discovery in aid of pending foreign litigation. Under that rule, "once a formal legal case is commenced, discovery should be pursued pursuant to that proceeding's rules and not by Rule 2004." *In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 347 (Bankr. S.D.N.Y. 2012) (quotations and citations omitted). "The rule reflects a concern that a party to litigation could circumvent an adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the other proceeding." *Id.* The pending proceeding rule "applies to…foreign litigation in which discovery is available." *In re Glitnir banki hf.*, No. 08-14757 SMB, 2011 WL 3652764, at *4 (Bankr. S.D.N.Y. Aug. 19, 2011). Here, the rule acts as a bar to the Foreign Representative's Rule 2004 notice to Mr. Birmann.

### A. The "Relevant Factors" Identified By The Foreign Representative Militate In Favor Of The Rule's Application To Mr. Birmann's Rule 2004 Notice

7. When attempting to avoid the pending proceeding rule's application to its Rule 2004 notice to the non-party "CBC Entities," the Foreign Representative argued that "the relevant inquiry is whether the examination will lead to evidence related to the pending proceeding." *Id.* at 31. Relying on that standard of inquiry, the Foreign Representative argued that its document requests to the CBC Entities were not barred by the pending proceeding rule because they sought information that

- 4 -

was "entirely distinct from the" issues at play in the Brazilian proceeding. *Id.* at 31, 32. As support, the Foreign Representative explained that its document requests were aimed at discovering "*potential* claims against third parties"—not pending claims against the parties in Brazil, *id.* at 28 (emphasis in original)—and emphasized that "the Foreign Representative has not taken any affirmative action to seek discovery from the CBC Entities in Brazil because seeking discovery from Delaware limited liability companies in the U.S. is obviously more direct." *Id.* at 23. Notably, the Foreign Representative asserted that the rights of the CBC Entities which "the pending proceeding rule [are] intended to protect are not at issue" because the Foreign Representative was seeking the production of documents instead of testimony from the CBC Entities. *Id.* at 34.

8.  As the Court can plainly see, the same factors that the Foreign Representative successfully argued weighed *against* application of the pending proceeding rule to its Rule 2004 notice to the CBC Entities now clearly weigh *in favor* of that rule's application to its Rule 2004 notice to Mr. Birmann. To begin with, the Foreign Representative is seeking to obtain sworn deposition testimony from Mr. Birmann (in addition to documents),[1] thus implicating precisely the rights the

---

[1] It is unclear whether the Foreign Representative is seeking documents from Mr. Birmann because the Foreign Representative checked the "Production" box in the Rule 2004 subpoena to Mr. Birmann but did not check the "Production" box in the Rule 2004 notice to him. [*See* ECF 217 at 1, 4.] To the extent the Foreign Representative is seeking document discovery from Mr. Birmann, the notice is defective because it does not "'designate with reasonable particularity the documents, things, and [ESI] that are to be produced by [Mr. Birmann].'" *Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 666 (N.D. Fla. 2010) (quoting 9A Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 2457 (2008), which notes that "cases discussing FED. R. CIV. P. 34—which sets forth procedures for requesting documents from a party—provide helpful analogies regarding how specific the designation of documents must be")). Moreover,

Foreign Representative previously acknowledged the pending proceeding rule is intended to protect. *Id.* Moreover, and equally significantly, the Foreign Representative clearly intends to use testimony obtained from Mr. Birmann in a Rule 2004 examination (which is completely unlimited in its stated scope) in prosecuting its adversary proceedings against Mr. Birmann that are currently pending in Brazil. Indeed, it is hard to fathom how the Foreign Representative could plausibly argue, as it did in connection with the Rule 2004 notice to the CBC Entities, that the issues it intends to question Mr. Birmann about in the United States are "entirely distinct from" the issues involved in the pending proceedings against Mr. Birmann in Brazil.

9.  Additionally, there can be no debate that Mr. Birmann is subject to, and has been has been participating in, discovery in the Brazilian proceeding. Under Article 104 of the Brazilian Bankruptcy Law, the debtor is required to provide certain information to the judicial administrator at the start of the case identifying among other things, companies to which he is a shareholder, banks accounts and investments, the names of the accountants in charge of its books and records, and the debtor's involvement in pending legal proceedings. (Declaration of Gilberto Deon Corrêa Junior, sworn to Aug. 16, 2021 ("Corrêa Decl."), ¶ 11.)

10.  Brazilian law also requires the debtor to provide information requested by, among other parties, the judge or the judicial administrator regarding facts and circumstances that relate to its bankruptcy. (Corrêa Decl.¶ 14.) Brazilian law

---

whatever documents discovery the Foreign Representative may seek from Mr. Birmann, it would clearly be duplicative of discovery available in the Brazilian proceeding, and, therefore, barred by the pending proceeding rule for the reasons stated in this motion.

requires the debtor to be truthful in its communications to the judicial administrator and the Brazilian court. (*Id.* ¶ 15.) The Brazilian Court is authorized to impose sanctions against parties that act in bad faith or are not truthful during the discovery process. (*Id.* ¶ 16.) Making false statements to the Brazilian court is criminal act under Brazilian law. *Id.* Thus, the Judicial Administrator in the Brazilian proceeding—Carlos Magno, Nery e Medeiros Sociedade de Advogados, *i.e.*, the same party acting as the Foreign Representative in this ancillary proceeding—has tools at its disposal akin to written interrogatories and document requests, and Mr. Birmann is required to comply with such requests in a truthful and forthcoming manner. (*Id.* ¶¶ 12-16.)

11.     In short, the Foreign Representative successfully resisted application of the pending proceeding rule to its Rule 2004 notice to the CBC Entities because the notice (i) was directed to United States entities not parties to the Brazilian proceedings or subject to discovery there; (ii) purportedly sought information about potential claims against other non-parties and issues "entirely distinct from" the issues in Brazil; and (iii) was limited to documents. Here, the Rule 2004 notice to Mr. Birmann (i) seeks sworn testimony, (ii) from a foreign debtor who is a party to the Brazilian proceedings and is subject to, and has participated in, discovery there; (iii) regarding issues in dispute in the Brazilian proceedings. By the Foreign Representative's own logic, the pending proceeding rule applies to the Rule 2004 Notice to Mr. Birmann and requires that it be quashed.

      **B.    The Rule 2004 Notice Should Be Quashed Because the Foreign Representative Impermissibly Seeks to Circumvent the Discovery Protections Afforded to the Debtor in the Brazilian Proceeding**

12.    The Rule 2004 notice also should be quashed for the additional reason that it is an improper end-run around the Brazilian discovery process in which Mr. Birmann is and has been participating. While ample, the discovery tools available to the Judicial Administrator in the Brazilian proceeding are not without limit. Brazilian procedural rules do not entitle a judicial administrator to conduct an American-style deposition or Rule 2004 examination of the debtor. (Corrêa Decl. ¶ 21.) A court may only compel a debtor to give oral testimony in limited circumstances upon a showing by the judicial administrator that a debtor had, for example, refused to engage in written discovery. (*Id.* ¶¶ 17-20.) If a judicial administrator were to make such a showing, the Brazilian court could compel a debtor to appear in court to respond to questioning from the Brazilian judge. (*Id.* ¶ 21.) In practice, however, it is more likely that the court would order the debtor to respond in writing to specified questions under penalty of criminal liability, rather than to provide oral testimony. (*Id.* ¶ 21.)

13.    Thus, it is not necessary or appropriate under section 1521 of the Bankruptcy Code, or consistent with principles of comity governing the provision of additional assistance under section 1507 of the Bankruptcy Code, for the Foreign Representative to compel Mr. Birmann to sit for a Rule 2004 examination in this Chapter 15 case when there would be no basis to compel Mr. Birmann to do the same in the Brazilian proceeding. *See In re SPhinX, Ltd.,* Case No. 06–11760 (RDD) (*Order Denying Ex Parte Motion of the Foreign Representatives for (A) an Order*

*Compelling the Production of Documents and Examination of Witnesses Pursuant to § 1521 of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure and (B) an Order Directing the Issuance of Letters Rogatory*, dated May 14, 2007, Ex. A at 6–7) (stating that the bankruptcy code's use of "necessary" and "appropriate" relief suggest that the Court should use discretion with respect to authorizing discovery in a Chapter 15 and taking into account principles of international comity in denying specific discovery sought by foreign representative under Rule 2004). As the Bankruptcy Court for the Southern District of New York explained in *In re Bd. of Directors of Hopewell Int'l Ins. Ltd.*, "[t]o the extent this Court can act under § 304 as an 'adjunct' to the foreign court, it should rarely, if ever, exercise its discretion to order disclosure that would not be available in the foreign court." 258 B.R. 580, 586 (Bankr. S.D.N.Y. 2001) (applying section 304 proceeding, which predated Chapter 15); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (internal citations omitted) ("[O]nce an adversary proceeding or contested matter is commenced, discovery should be pursued under the [rules of the adversary proceeding] and not by Rule 2004."); *see also In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990) ("Many courts have expressed distaste for efforts of parties to utilize Rule 2004 examinations to circumvent the restrictions of the F.R.Civ.P. in the context of adversary proceedings or contested maters.") (internal citations omitted).

14. Instead, the Foreign Representative should use the considerable tools at its disposal to obtain information from Mr. Birmann in Brazil, as it has been doing in

the 13 years that the Brazilian proceeding has been pending. Given its broad powers to solicit and receive discovery in the main proceeding in Brazil, there is simply no reason for the Foreign Representative to depose Mr. Birmann in the United States (where he does not reside nor maintain a regular presence). Moreover, as the Foreign Representative has effectively conceded, the pending proceeding rule applies under these circumstances. Accordingly, the Court should grant this motion, quash the Rule 2004 notice, and enter a protective order barring the taking of Mr. Birmann's deposition in this proceeding in the United States.

Dated: August 16, 2021                REED SMITH LLP

By: /s/ *John C. Scalzo*
John C. Scalzo (admitted *pro hac vice*)

John C. Scalzo
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jcscalzo@reedsmith.com

*/s/ J. Jay Thornton*
Jay Thornton
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel: (786) 747-0300
Fax: (786) 747-0299
jthornton@reedsmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2021 a true and correct copy of the foregoing Notice of Appearance was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing on all counsel or parties of record on the service list.

By: /s/ *Jay Thornton*
Jay Thornton