UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: <br> SAM INDUSTRIAS S.A.; <br> BOULDER PARTICIPAÇÕES LTDA; and <br> DANIEL BENASAYAG BIRMANN Case <br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> No.: 18-23941-RAM |

**DECLARATION OF BRAZILIAN ATTORNEY GILBERTO DEON CORRÊA JUNIOR
IN SUPPORT OF DEBTOR DANIEL BENASAYAG BIRMANN'S MOTION TO QUASH
AND FOR ENTRY OF PROTECTIVE ORDER**

I, Gilberto Deon Corrêa Junior, attorney at the law firm of Souto Correa Advogados, with offices at Av. Carlos Gomes, number 700, 13th Floor, in the City of Porto Alegre, State of Rio Grande do Sul, Zip Code 90480-000, under oath and penalty of perjury, and duly authorized, declare as follows:

1. I am over the age of 18, and the facts set forth herein are based on my own personal knowledge or from information provided to me by others. Where facts are within my personal knowledge, I can affirm they are true. Where the information is provided to me by others, I state the source of my knowledge and affirm it is true to the best of my information and knowledge.

### My Professional & Academic Background

2. I am a Brazilian licensed attorney in good standing, registered with the Brazilian Bar (OAB/RS) under no. 21.436, and a founding partner of Souto Correa Advogados, a Brazilian law firm with offices in the cities of São Paulo, Rio de Janeiro, Porto Alegre and Brasília. I have been a member of the Brazilian Bar since 1985.



3. I received a Bachelor of Laws (LL.B.) degree in 1985 from the Federal University of Rio Grande do Sul, a Master's in Law (LL.M.) degree in 1993 from the Federal University of Rio Grande do Sul, and another L.L.M. degree in 1995 from New York University.

4. I have been practicing law in Brazil for the past 36 years, and my practice includes corporate law, and bankruptcy and restructuring matters before Brazilian courts. I am recognized in guidebooks, such as Chambers & Partners, Who's Who Legal, Legal 500, Leaders League and IFLR 1000, as a prominent lawyer in the fields of corporate law, bankruptcy and restructuring, mergers and acquisitions, as well as timberland investments.

5. I was a member of the Committee of Scholars that assisted Brazil's House of Representatives in the drafting of Law No. 11,101/2005 (the "Brazilian Bankruptcy Law"), as well as the Committee of Scholars that assisted in the drafting of the bill for the New Brazilian Commercial Code.

6. I have consulted for the World Bank in connection with judicial trainings on insolvency and restructuring for agents in Maputo, Mozambique and in connection with advising the Government of Angola on best international insolvency practices.

7. I have represented clients in several Brazilian bankruptcy and restructuring proceedings over my 36 years of practice.

8. I have authored various publications on issues related to Brazilian bankruptcy law and have taught business and insolvency law at a number of law schools and post-graduation programs.



9. I am a member of the Committee on Distressed M&A of the Turnaround Management Association in Brazil, as well as a member of the Latin America Committee of the International Association of Restructuring, Insolvency & Bankruptcy Professionals. I am an active member of the International Committee of the American Bankruptcy Institute, where I have authored several articles and was the Co-Chair of the International Committee.

### Discovery and Procedural Matters in Brazilian Bankruptcy Proceedings

10. Based on these professional and academic experiences, I am very familiar with discovery and procedural matters that take place before Brazilian bankruptcy courts, and which I summarize below.

11. Art. 104 of the Brazilian Bankruptcy Law outlines the duties of debtors in bankruptcy proceedings in Brazil. These duties include, without limitation, the obligation to sign and file a notice of appearance at the start of the case which must identify among other things, the debtor's address, any power of attorney instruments, companies to which he is a shareholder, bank accounts and investments, the names of the accountants in charge of its books and records, and the debtor's involvement in pending legal proceedings. Once the Judicial Administrator is appointed, he must take into custody the assets of the debtor (with certain exceptions like those declared by law as unseizable) and all documents related to the business. It might be the case that the debtor owns assets that are not located in the site or place where he runs his business (*commercial establishment*). Thus, the notice of appearance must also list all the assets that are kept by the debtor outside his *commercial establishment*, which may include assets under his or third-party possession.



12. Art. 104, III provides that a debtor may not leave the jurisdiction where the bankruptcy proceedings are pending without a valid justification and notice to the Judge, and without constituting a proxy with powers to represent him.

13. A debtor in a bankruptcy proceeding in Brazil is also required to provide the Judicial Administrator with all assets, papers, documents and passwords for access to his accounting, financial and banking systems, as well as indicate those that may be in the possession of third parties (art. 104, V).

14. In connection with discovery efforts in Brazil, a debtor in a bankruptcy proceeding in Brazil is also required to (i) provide any and all information requested by the Judge, the Judicial Administrator, the creditors or the Public Prosecutor's Office which relate to circumstances and facts that are of interest to the bankruptcy proceedings (art. 104, VI); (ii) assist the Judicial Administrator with zeal and promptness whenever required to (art. 104, VII); and (iii) manifest himself whenever required by the Judge (art. 104, X).

15. In complying with all of these obligations, a debtor is always required under Brazilian law to be truthful with the Court (art. 378 of the Brazilian Civil Procedure Code) and to attend any hearings and respond to any interrogatories by the Judge (art. 379 of the Brazilian Civil Procedure Code).

16. A debtor's failure to comply with any of these law-imposed duties, after being summoned by the Judge, might lead to potential criminal liability (*i.e.*, crime of disobedience per art. 104, single paragraph of the Brazilian Bankruptcy Law or crime of misleading, per art. 171 of the Brazilian Bankruptcy Law). The Judge might



- 4 -

take further actions to compel a debtor to fulfill his obligation such as order the apprehension of corporate books (art. 1.192 of the Brazilian Civil Code).

17. Under the Brazilian bankruptcy rules, a Judicial Administrator is typically not entitled to compel a debtor to provide sworn oral testimony (art. 22, I, d of the Brazilian Bankruptcy Law).

18. Instead, a debtor is typically compelled to respond to a Judicial Administrator's requests for information through means other than oral testimony, such as by answering interrogatories, producing documents, or through other less formal means of information sharing. As a matter of fact, in most of the cases where the Judicial Administrator asks for information from a debtor or even files a petition to court asking the Judge to request such information, debtor's counsel will file a petition providing the information requested.

19. In order to obtain oral testimony from a debtor, a Judicial Administrator must seek leave of the Brazilian bankruptcy court.

20. Leave to compel oral testimony would only be granted upon a showing that a debtor had refused to engage in written discovery and/or document production or otherwise failed to provide the information that the Judicial Administrator is seeking (art. 22, § 2º of the Brazilian Bankruptcy Law).

21. Even if a Judicial Administrator made such a showing, the Judicial Administrator would not be entitled to an American-style deposition. Instead, the debtor would likely be asked to provide information in response to questions by the Judge in open court. Moreover, from a practical point of view, it is even more likely



- 6 -

that the court might order the debtor to provide the information in writing under penalty of criminal liability.

### Florida Statute § 92.525 Verification

Under penalties of perjury, I declare that I have read the foregoing Declaration and that the facts stated in it are true, to the best of my knowledge and belief.

Gilberto Deon Corrêa Junior

*[signature]*

August 16th, 2021

Porto Alegre, Brazil